■ Barbara Habe, Respondent, v Leonard Triola, Appellant.—In an action to recover damages for wrongful death, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated March 1, 1988, as granted the plaintiff's motion for partial summary judgment on the issue of fault as to the plaintiff's second cause of action sounding in negligence, and, in effect, denied the defendant's cross motion to dismiss that cause of action.

Ordered that the appeal is dismissed as academic, with costs to the plaintiff.

It is well settled that "[a] matter is moot when a determination is sought on a matter which, if rendered, could not have any practical effect on the existing controversy" (Lighting Horizons v Kahn & Co., 120 AD2d 648, 649). This principle is applicable to the present appeal. In the case before us, the Supreme Court awarded partial summary judgment on the

issue of fault in favor of the plaintiff on both of the causes of action to recover damages for wrongful death set forth in her complaint. However, the defendant seeks review of only so much of the order as awarded partial summary judgment on the second cause of action sounding in negligence; he does not challenge that portion of the order which imposed liability for wrongful death upon him pursuant to the intentional tort theory contained in the plaintiff's first cause of action. Inasmuch as the plaintiff is entitled to a single recovery of damages for wrongful death and the defendant does not seek to avoid his liability therefor under the first cause of action, it is clear that appellate review of this matter cannot alter the result or directly affect a substantial right or interest of any party to this appeal *(see, e.g., Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Barrett Foods Corp. v New York City Bd. of Educ.,* 144 AD2d 410). Accordingly, in view of the principle that "[t]he mootness doctrine enjoins appellate review of academic questions" *(Matter of General Bldg. Contrs. v Egan,* 106 AD2d 688, 690), we dismiss the instant appeal as academic. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.