■ In the Matter of BRUNO STRATI, Petitioner, v CHARLES

BALANCIA, as Supervisor of the Town/Village of Harrison, et al., Respondents. [597 NYS2d 168] —Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town/Village Board of Harrison, dated August 2, 1990, which, after a hearing, found the petitioner to be in violation of Local Laws, 1990, No. 6 of the Town/Village of Harrison § 55-14 and directed him to resign from his positions as Chairperson and Member of the Town/Village of Harrison Planning Board.

Adjudged that the proceeding is dismissed as academic, with costs.

After becoming a candidate for election to the Town/Village Board of Harrison, the petitioner was removed from his positions as Chairperson and Member of the Town/Village of Harrison Planning Board pursuant to Local Laws, 1990, No. 6 of the Town/Village of Harrison § 55-14 which prohibits an individual's candidacy for one of those positions while he or she occupies the other. He subsequently commenced this proceeding to review the propriety of this determination, and to obtain reinstatement to his former Planning Board positions. However, it is undisputed that during the pendency of this proceeding, the petitioner was elected to the Town Board and is thereby precluded from simultaneously serving on the Planning Board. Accordingly, the proceeding has been rendered academic by reason of these subsequent events, inasmuch as the petitioner, even if successful on the merits, would not be entitled to the requested relief of reinstatement *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Echols v Lord,* 180 AD2d 682; *Cuevas v Perales,* 169 AD2d 700; *Habe v Triola,* 154 AD2d 437). Hence, the proceeding must be dismissed.

We further note that if we were to consider the petitioner's contentions, we would find them to be without merit. Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.