[740 NYS2d 406]

In the Matter of Joel R. Brandes, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, April 8, 2002

**APPEARANCES OF COUNSEL**

*Robert P. Guido,* Syosset, for petitioner.

*Edwards & Angell, LLP,* New York City (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing six charges of professional misconduct. In his answer, he admitted most, but not all, of the factual allegations contained in the petition and denied that he was guilty of any professional misconduct. At the hearing, the petitioner's case consisted of 120 exhibits and the testimony of two witnesses. The respondent testified on his own behalf, presented one character witness, and introduced seven exhibits into evidence. At the conclusion of the hearing, the Special Referee sustained all six charges. The petitioner now moves to confirm, and the respondent cross-moves to disaffirm, the Special Referee's report.

All of the charges are based on the following factual allegations:

On May 14, 1990, the respondent commenced an action for a divorce in the Supreme Court, Nassau County, against his wife, Iris Brandes. On June 4, 1990, Mrs. Brandes retained the law firm of Ellenbogen & Goldstein of New York City to represent her in the matter. In November 1990, the respondent, Mrs. Brandes, and their respective counsel stipulated and agreed to discontinue the Nassau County action and to commence a new action for a divorce in Kings County with Mrs. Brandes as the plaintiff and the respondent as the defendant.

On October 30, 1991, the trial in the divorce action was commenced in the Supreme Court, Kings County, before the Honorable William Rigler. It was subsequently adjourned and resumed on January 6, 1992. It continued on successive business days until January 16, 1992, when it concluded. The court reserved its decision at that time.

On August 13, 1992, before the court rendered its decision, the respondent and Mrs. Brandes, upon the advice of their respective counsel, executed a 67-page stipulation settling the action and all of the issues between them. On August 26, 1992, a judgment of divorce was entered in Kings County which incorporated the stipulation by reference. Pursuant to the stipulation, the parties agreed to sell the marital home and distribute, in part, from their respective shares of the proceeds the following:

$25,000 from the respondent's share to Ellenbogen

& Goldstein and Mrs. Brandes as his contribution to Mrs. Brandes' legal fees.

$25,000 from Mrs. Brandes' share to Ellenbogen & Goldstein for legal fees.

$6,750 from the respondent's share to the financial experts employed by Mrs. Brandes at trial as his contribution to their fees.

$6,750 from Mrs. Brandes' share to the financial experts employed by Mrs. Brandes at trial.

$35,000 from the respondent's share to the respondent's attorneys.

The stipulation further provided, in part, that, following the sale of the marital home, the respondent would pay Mrs. Brandes the sum of $961.54 per week for her support and maintenance and that the respondent's responsibility for the payments would cease only in the event of either her death or remarriage, the respondent's death, or August 1, 1999, whichever occurred first.

As of the date that the stipulation was executed in August 1992, Ellenbogen & Goldstein had rendered legal services and bills to Mrs. Brandes totaling approximately $112,000. However, in order to foster the settlement, Ellenbogen & Goldstein agreed to reduce its fee to $50,000.

On February 18, 1993, the respondent and Mrs. Brandes directly negotiated and executed between themselves a modification agreement altering the terms of the stipulation. The modification, in part, deleted the terms of the stipulation that provided for the payment of $50,000 to Ellenbogen & Goldstein and $13,500 to the financial experts from the proceeds of the sale of the marital home. The provision providing for the payment of $35,000 to the respondent's attorney was not deleted.

In August 1993, Ellenbogen & Goldstein commenced an action against Mrs. Brandes in the Supreme Court, New York County, to recover $112,022.01 for legal services rendered to her in the matrimonial proceeding (hereinafter the fee action). On November 8, 1993, Mrs. Brandes retained the respondent to represent her in that action and executed a written fee agreement that was prepared by the respondent on his letterhead. The fee agreement states, in part, as follows:

"This will confirm your engagement of me and/or

my law firm to represent you in the above captioned action which has been commenced against you in the Supreme Court, New York County. It is understood by the two of us that because I am your former husband and the court may look unfavorably on my representation of you it may be [sic] not be in your best interests for me or my firm to be your attorney of record. Therefore, I will obtain counsel of record for you and will be responsible directly to counsel, as your attorney, for the legal fees and disbursements of that person or firm. You will pay us for the legal fees of outside counsel at the rate set forth below. If, at any time I deem it appropriate to do so, I or my law firm will become your attorney of record and you will sign whatever documents as are necessary so as to effectuate such a change * * * I will supervise all work on this matter."

In November 1993, the respondent retained Jack Uram, then a partner in the firm of Blindman, Uram, Bordelon & Swords of New York City, to appear as attorney of record in the fee action. The respondent and Uram agreed that Uram would appear as the attorney of record and make all personal court appearances in the matter, but that the respondent would work jointly with him on all court papers and strategy. The respondent and Uram also agreed that the respondent's role as attorney would be concealed from the court and opposing counsel.

In December 1993, Uram filed an answer in the fee action setting forth, inter alia, the affirmative defense of lack of personal jurisdiction. Ellenbogen & Goldstein then moved to dismiss that affirmative defense, and Uram cross-moved to dismiss on the grounds of lack of personal jurisdiction based on insufficient service of process. By order dated February 8, 1994, Justice Gangel-Jacob directed a hearing to resolve the motion.

On March 17, 1994, a hearing was conducted before Justice Gangel-Jacob. Ellenbogen & Goldstein arranged and paid for the process server who had served Mrs. Brandes to travel from Florida and testify at the hearing. Mrs. Brandes did not testify or appear at the hearing. In a decision issued from the bench immediately following the hearing, Justice Gangel-Jacob found that Mrs. Brandes had been personally served as required by law and granted the plaintiff's motion to dismiss the affirmative defense of lack of personal jurisdiction, with $250 costs to the plaintiff.

On March 29, 1994, Uram filed a notice of appeal from the aforementioned order. On April 17, 1994, Mrs. Brandes retained the respondent to represent her in connection with the appeal and executed a written fee agreement prepared by the respondent on his letterhead. The fee agreement states, in part, as follows:

> "This will confirm your engagement of this law firm to represent you in an appeal by you to the Appellate Division, First Department from the Order of the Supreme Court, New York County, dated March 17, 1994, and filed on April 12, 1994, under Index # 121913/93.

> "It is understood that because I am your former husband and the court may look unfavorably on my representation of you it may be [sic] not be in your best interests for my firm to be your attorney of record. Therefore, I may obtain counsel of record for you and will be responsible directly to counsel of record, as your attorney, for the legal fees and disbursement of that person or firm. You will pay us directly for all of the legal services rendered on your behalf, by us and outside counsel, as set forth below. If, at any time I deem it appropriate to do so, I or my law firm will become your attorney of record and you will sign whatever documents as are necessary so as to effectuate such a change.

> "1. You shall pay us a fee of $10,000 for all legal services rendered in the Appellate Division, First Department * * * I will supervise all work on this matter."

The respondent continued to utilize the services of Jack Uram, to act as attorney of record on the appeal, while the respondent continued to conceal from the Court and opposing counsel his true role and participation as an attorney on the matter. On May 11, 1995, the Appellate Division, First Department, affirmed the order.

By order dated February 21, 1995, Justice Gangel-Jacob granted summary judgment to Ellenbogen & Goldstein against Mrs. Brandes in the fee action. On March 15, 1995, a judgment was duly entered in favor of Ellenbogen & Goldstein in the principal sum of $112,022.01.

On March 18, 1995, Mrs. Brandes retained the respondent to represent her in connection with an appeal from the order

dated February 21, 1995, and the judgment entered March 15, 1995, and executed a written fee agreement prepared by the respondent on his letterhead. The fee agreement states, in part, as follows:

> "This will confirm your engagement of this law firm to represent you in an appeal by you to the Appellate Division, First Department from the Judgment of the Supreme Court, New York County, dated March 15, 1995, in the sum of $112,000 obtained by Ellenbogen & Goldstein under Index # 121913/93.

> "It is understood that because I am your former husband and the court may look unfavorably on my representation of you it may be [sic] not be in your best interests for my firm to be your attorney of record. Therefore, I may obtain counsel of record for you and will be responsible directly to counsel of record, as your attorney, for the legal fees and disbursements of that person or firm. You will pay us directly for all of the legal services rendered on your behalf, by us and outside counsel, as set forth below. If, at any time I deem it appropriate to do so, I or my law firm will become your attorney of record and you will sign whatever documents as are necessary so as to effectuate such a change.

> "1. You shall pay us a fee of $15,000 for all legal services rendered by us on your behalf in the Appellate Division, First Department * * * I will supervise all work on this matter."

On June 16, 1995, with knowledge that Ellenbogen & Goldstein was attempting to enforce the judgment against Mrs. Brandes, the respondent entered into a written agreement with Mrs. Brandes to accept from her a conveyance of her assets as payment of legal fees owed to him for services rendered in the fee action. In August 1995, the respondent accepted from Mrs. Brandes the transfer of ownership of a 1994 Porsche automobile and a 1993 Mazda automobile.

The respondent conceded at the hearing before the Special Referee that during the course of the appeal from the order and the judgment, he moved to strike the brief filed on behalf of Ellenbogen & Goldstein. On April 18, 1996, the Appellate Division, First Department, affirmed the order and the judgment, and denied the respondent's motion to strike Ellenbogen & Goldstein's brief.

On April 29, 1996, the respondent tendered a bill to Mrs. Brandes in the sum of $64,075 for legal services rendered by him and Jack Uram in connection with the fee action and the appeals.

In May 1996, the respondent moved in the Appellate Division, First Department, on behalf of Mrs. Brandes, for reargument of that Court's order dated April 18, 1996, or for leave to appeal to the Court of Appeals. By order dated August 29, 1996, the Appellate Division, First Department, denied the motion. In September 1996, the respondent moved in the Court of Appeals for leave to appeal from the order of the Appellate Division, First Department, dated April 18, 1996, and the order of the Appellate Division, First Department, dated May 11, 1995, affirming the order of Justice Gangel-Jacob. By order dated January 14, 1997, the Court of Appeals denied the motion.

On December 15, 1994, the respondent filed a disciplinary complaint against Ellenbogen & Goldstein alleging professional misconduct in its representation of Mrs. Brandes in the divorce action. On December 14, 1995, the disciplinary complaint was dismissed by the Grievance Committee for the Second and Eleventh Judicial Districts.

On January 24, 1995, the respondent commenced an action in the Supreme Court, Nassau County, against Ellenbogen & Goldstein, inter alia, to recover damages for its conduct in the divorce action. By orders of Justice Feuerstein dated September 27, 1995, and February 10, 1997, the action was dismissed in its entirety.

Contrary to the respondent's contention, many of the aforesaid actions constituted a conflict of interest. At no time before or during the course of the respondent's representation of Mrs. Brandes in the fee action or subsequent appeals did the respondent or Mr. Uram ever fully disclose to her the respondent's own financial, business, property, or personal interests, which reasonably affected the exercise of his professional judgment on her behalf.

Charge One alleged that the respondent accepted employment by Mrs. Brandes without obtaining her consent after full disclosure of his own financial, business, property, or personal interests, which reasonably affected the exercise of his professional judgment on her behalf, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]).

Charge Three alleged that the respondent engaged in a course of frivolous conduct intended to harass or maliciously

injure the law firm of Ellenbogen & Goldstein, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]), and DR 7-102 (a) (1) (22 NYCRR 1200.3 [a] [5], [7]; 1200.33 [a] [1]).

Charge Four alleged that the respondent engaged in conduct involving dishonesty, deceit, and misrepresentation and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]), by deliberately concealing from the court his representation of Mrs. Brandes.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, deceit, and misrepresentation and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]), by deliberately concealing from opposing counsel his representation of Mrs. Brandes.

Charge Six alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

All of the charges, except Charge Two, were properly sustained by the Special Referee.

The respondent's prior disciplinary history consists of a letter of reprimand, four letters of admonition, and two letters of caution.

In support of his motion to disaffirm the Special Referee's report, the respondent argues that the charges are not supported by the credible evidence and that he was not given adequate notice of the charges. Alternatively, the respondent asks this Court to consider, in mitigation, his distinguished professional career as a matrimonial attorney and the numerous letters of good moral character submitted by him from judges and other attorneys. He also asks the Court to consider that his prior disciplinary history is remote in time and that the majority of the letters involved his use of nonrefundable retainer agreements before they were expressly forbidden. The remaining letters involved fee disputes in which his good faith was not questioned. In each case, he refunded the disputed fees voluntarily either before or immediately after receiving the grievance.

Under the totality of the circumstances, the respondent is guilty of serious professional misconduct that warrants his disbarment.

PRUDENTI, P.J., RITTER, ALTMAN, FLORIO and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted with respect to Charges One, Three, Four, Five, and Six, and otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is granted with respect to Charge Two and otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joel R. Brandes, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joel R. Brandes is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.