732

■ In the Matter of RICHARD J. HAAS, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [770 NYS2d 663]—

Per Curiam. Respondent was admitted to practice by this Court in 1985. He resides in Texas.

In May 1997, this Court suspended respondent from practice pending his compliance with an order directing him to appear before petitioner to be examined under oath and produce records (*Matter of Haas*, 239 AD2d 658). After respondent applied for reinstatement in April 2003, petitioner filed the instant petition of charges. We denied the application for reinstatement in September 2003 (*Matter of Haas*, 308 AD2d 656).

Having granted petitioner's motion for an order declaring that the petition of charges and respondent's answer raised no factual issues (*see* 22 NYCRR 806.5) and having heard respondent in mitigation, we now find respondent guilty of professional misconduct. In 1996, respondent was retained to handle the appeal of a murder conviction in this state. He neglected the matter in violation of the attorney disciplinary rules (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]). Respondent accepted $15,000 as a retainer on the appeal but thereafter provided little or no legal services and converted the fee to his own use (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a], [c] [4] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a), (c) (4)]). The Lawyers' Fund for Client Protection has awarded $15,000 to the client. Pursuant to an agreement with the Fund, respondent has reimbursed the Fund $600. He has also confessed judgment to the Fund for the full amount.

During the relevant time period, respondent suffered from end stage liver disease necessitating two successive liver transplants in 1999 and 2002. The disease had serious adverse effects on respondent personally and professionally.

Considering all of the circumstances, we conclude that respondent should be suspended from practice for a period of three years, nunc pro tunc to May 18, 1998, the date of a letter from respondent to petitioner in which he admitted the conversion. Upon any reapplication for reinstatement, respondent shall make the showing required by this Court's rules (*see* 22 NYCRR 806.12 [b]), including the restitution ordered by this Court's decision which censured respondent in 1997 (*Matter of*

*Haas*, 237 AD2d 729), medical opinion addressing his current capacity to practice law, compliance with the attorney registration requirements (*see* Judiciary Law § 468-a; 22 NYCRR part 118), and respondent's past and present status, if any, in the bar of any other state.

Mercure, J.P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of three years, effective May 18, 1998, and until further order of this Court; and it is further ordered that respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk, or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).