This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 162
In the Matter of Joel R. Brandes,
a disbarred attorney,
            Appellant.

            Chris G. McDonough, for appellant.
            Robert H. Cabble, for respondent New York State
Grievance Committee for the 10th Judicial District.

MEMORANDUM:

            The order of the Appellate Division should be affirmed, without costs.

            Under the Judiciary Law, "the appellate division of the supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney . . .

- 1 -

who is guilty of professional misconduct . . . or any conduct prejudicial to the administration of justice" (Judiciary Law § 90[2]). In 2002, the Appellate Division, Second Department disbarred Joel R. Brandes. In its disbarment order, the court directed Brandes to

> "desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law" (Matter of Brandes, 292 AD2d 129, 137 [2d Dept 2002], lv denied 99 NY2d 506).

After the seven year period imposed by the Rules of the Appellate Division, Brandes applied for reinstatement three times, and all of his applications were denied. This appeal concerns the denial of his third application.

Just as the Appellate Division has control over an attorney's disbarment, it too has control over an attorney's reinstatement. In the Second Department, "an application for reinstatement may be granted by the court only upon a showing by clear and convincing evidence that [the attorney] has fully complied with the provisions of the order disbarring or suspending him or her . . . and that he or she possesses the character and general fitness to practice law" (former Rules of App Div, 2d Dept [22 NYCRR] § 691.11). Here, the court found that Brandes "engaged in the unauthorized practice of law during the

period of his disbarment when he provided paralegal services over the internet" (Matter of Brandes, 2015 NY Slip Op 81096[U]). Specifically, the court found that Brandes would speak to an attorney over the telephone or by email, rendering legal advice or an opinion about the legal problems of a particular client, and that he contracted to draft briefs and other litigation papers for attorneys, all in violation of Judiciary Law § 478.

Because "[t]he Appellate Division is the fact finder on issues of character and fitness and its discretion is inclusive" (Matter of Anonymous (79 NY2d 782, 783 [1991]), our standard of review is limited to whether the Second Department abused its discretion. Here, because there was record support for the court's decision, there was no abuse of discretion in denying the reinstatement application.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, without costs, in a memorandum. Chief Judge DiFiore and Judges Pigott, Abdus-Salaam, Fahey and Garcia concur. Judges Rivera and Stein took no part.

Decided November 1, 2016