# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 1, 2016                    D-67-16
_____

In the Matter of GASPAR M.
   CASTILLO, a Suspended Attorney.

ATTORNEY GRIEVANCE COMMITTEE
   FOR THE THIRD JUDICIAL
   DEPARTMENT,
                    Petitioner;          MEMORANDUM AND ORDER

GASPAR M. CASTILLO,
                    Respondent.

(Attorney Registration No. 1701606)
_____


Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Clark and Mulvey, JJ.

                    _____


        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Alison M. Coan of counsel), for
petitioner.

        Dennis B. Schlenker, Albany, for respondent.

                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1981
and maintained an office for the practice of law in the City of
Albany.  By memorandum and order dated June 9, 2016, this Court
found respondent guilty of professional misconduct immediately
threatening the public interest and suspended him from the
practice of law pending consideration of disciplinary charges
against him pursuant to Rules of the Appellate Division, Third
Department (22 NYCRR) former § 806.4 (f) (140 AD3d 1392 [2016];

see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [eff. Oct. 1, 2016]).[1]  This finding was based upon respondent's failure to properly maintain client funds and an escrow account, his commingling of personal funds in his attorney trust account, his failure to, upon request, promptly pay or deliver certain funds to his client that he or she was entitled to receive, his failure to maintain required bookkeeping records and engaging in conduct prejudicial to the administration of justice (140 AD3d at 1393).

Upon respondent's demand for a prompt postsuspension hearing, petitioner thereafter filed a petition of charges, dated July 20, 2016, charging respondent with 11 charges of professional misconduct.  Respondent answered and the parties subsequently agreed that no factual issues were raised by the pleadings.  Accordingly, we find respondent guilty of professional misconduct as charged in the petition.

In mitigation, respondent accepts responsibility and expresses his sincere remorse for his professional misconduct. Respondent also cites certain mental health issues that he was suffering from during the relevant time period for which he is presently seeking treatment.  We credit the numerous letters from clients, clergy and fellow attorneys lauding his good character and reputation as an attorney.  Respondent has also returned the client funds that he admitted to misappropriating.  In aggravation, respondent has admittedly engaged in serious professional misconduct and has a history of prior discipline with regard to the improper use of his escrow account and neglecting client matters.  Now, having heard respondent's arguments in mitigation and petitioner's arguments in aggravation, we conclude that, under the circumstances presented, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent's grave misconduct warrants his suspension

_____

[1]  By August 18, 2016 order, respondent has also been suspended from the practice of law by this Court for six months due to discipline imposed against him by the Second Circuit Court of Appeals (142 AD3d 729 [2016]).

from the practice of law for a period of three years (see Matter of Crumb, 66 AD3d 1323, 1323 [2009]; Matter of Gold, 64 AD3d 990, 991-992 [2009]; Matter of Haas, 3 AD3d 732, 732 [2004]).

We further direct that, upon any application for reinstatement, respondent shall demonstrate, in addition to the requirements set forth in Uniform Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16, his completion during the period of his suspension of 12 credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and 12 credit hours of CLE in law practice management, in addition to the CLE requirements of all attorneys (see Rules of App Div, 3d Dept [22 NYCRR] part 1500]), and documentation establishing respondent's satisfaction of this condition shall be provided to petitioner upon completion of the CLE. Additionally, respondent shall, until further order of this Court, continue his participation in mental health counseling with his present mental health provider and respondent shall ensure that petitioner receives quarterly reports from his mental health provider, confirming that he is participating in a mental health program. Should respondent need to substitute a different mental health provider in the future, such substitution may only be had upon petitioner's consent or upon order of this Court.

McCarthy, J.P., Garry, Rose, Clark and Mulvey, JJ., concur.

ORDERED that respondent is found guilty of the professional misconduct as set forth in the petition of charges; and it is further

ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court