*State of New York*
*Supreme Court, Appellate Division*

Decided and Entered:   January 26, 2017                    D-16-17
_____

In the Matter of GASPAR M.
    CASTILLO, a Suspended Attorney.

ATTORNEY GRIEVANCE COMMITTEE
    FOR THE THIRD JUDICIAL
    DEPARTMENT,                                    DECISION AND ORDER
                         Petitioner;                    ON MOTION

GASPAR M. CASTILLO,
                         Respondent.

(Attorney Registration No. 1701606)
_____

Calendar Date:   January 17, 2017

Before:   McCarthy, J.P., Garry, Rose, Clark and Mulvey, JJ.

_____

        Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Alison M. Coan of counsel), for
petitioner.

        Gaspar M. Castillo, Albany, respondent pro se.

_____

Per Curiam.

        Respondent was admitted to practice by this Court in 1981
and maintained an office for the practice of law in the City of
Albany.  By memorandum and order entered December 1, 2016, this
Court suspended respondent from the practice of law for a period
of three years (145 AD3d 1177 [2016]).  Respondent now moves to
modify this Court's December 2016 order by having the Court
specifically permit and authorize him to "perform the work and
duties traditionally delegated or assigned to paralegals, law
assistants and law clerks without contravening this [C]ourt's
[suspension] order."

Initially, to the extent that respondent's motion for modification of this Court's December 2016 order requires an advance ruling on whether he may accept employment as a paralegal, law assistant or law clerk, it is premature insofar as it requires this Court to offer an advisory opinion regarding a future event which may or may not occur; accordingly, to render such an opinion at this juncture would constitute an improper exercise of this Court's authority as the issue is not yet ripe for judicial review (see generally American Ins. Assn. v Chu, 64 NY2d 379, 385-386 [1985]; Swergold v Cuomo, 70 AD3d 1290, 1293 [2010]).  In any event, were we to consider the merits of respondent's motion, we would find it to be without merit.  When an attorney is suspended from the practice of law, it is the duty of this Court to command said attorney "to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another" (Judiciary Law § 90 [2]) and to forbid him or her from, among other things, giving to another "an opinion as to the law or its application, or of any advice in relation thereto" (Judiciary Law § 90 [2] [b]).  Notwithstanding, respondent requests permission from this Court to engage in 25 specific duties and functions, all of which are traditionally performed by attorneys and necessarily involve the exercise of independent legal judgment on behalf of a particular client in a particular legal matter — i.e., the very type of activities that, when engaged in by suspended or disbarred attorneys, have previously been found to constitute the unauthorized practice of law (see Matter of Brandes, 2015 NY Slip Op 81096[U] [2d Dept 2015], affd 28 NY3d 1041 [2016]; Matter of Dudley, 296 AD2d 651, 652 [2002]).

McCarthy, J.P., Garry, Rose, Clark and Mulvey, JJ., concur.

ORDERED that respondent's motion is denied.

ENTER:

Robert D. Mayberger
Clerk of the Court