■ In the Matter of PAMELA JENKINS et al., Respondents, v LEACH PROPERTIES LLC et al., Appellants, et al., Respondents. [57 NYS3d 559]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Cerio Jr., J.), entered May 24, 2016 in Cortland County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent Town of Cortlandville Zoning Board of Appeals approving a request by respondent Leach Properties, LLC for, among other things, a use variance.

Respondents Leach Properties, LLC and Leach's Custom Trash Service (hereinafter collectively referred to as Leach) own a trash services facility. Leach Properties entered into negotiations with respondent Suit Kote Corporation (hereinafter SKC) to purchase a contiguous parcel of property (hereinafter the property) in order to expand its solid waste transfer station. A condition precedent to the purchase was that the property be granted a use variance from respondent Town of Cortlandville Zoning Board of Appeals (hereinafter ZBA) in order to allow Leach to expand its trash services.

Leach Properties applied, on behalf of SKC, to the ZBA and respondent Town of Cortlandville Planning Board for a use variance allowing it to build an access road and add additional parking for its trash services facility. In October 2015, the ZBA granted a use variance for the property. Thereafter, in December 2015, Leach Properties purchased the property from SKC. Subsequently, petitioners commenced this proceeding pursuant to CPLR article 78 challenging the ZBA's issuance of the use variance, arguing that the determination should be annulled because, among other things, the ZBA did not comply with various requirements of the Town of Cortlandville Zoning Law, that Leach Properties did not present evidence that the property could not realize a reasonable return as currently permitted and that it failed to meet its burden of establishing that any hardship was not self-created. In a May 2016 judgment, Supreme Court granted the petition and annulled the ZBA's approval of the use variance. The judgment specified

that the determination was being annulled for multiple independent reasons, including that the ZBA did not comply with certain requirements set forth in the Town of Cortlandville Zoning Law, that Leach Properties failed to submit any competent financial evidence that the property could not realize a reasonable rate of return as currently permitted and that any hardship was self-created. Leach now appeals, challenging only that part of the judgment that determined that any hardship was self-created.

Even assuming, arguendo, that Leach is correct as to its sole contention regarding the issue of self-created hardship, affirmance is nonetheless warranted. Leach has left unchalleneged multiple independent grounds for granting the petition, including Supreme Court's determination that the ZBA failed to satisfy requirements of the Town of Cortlandville Zoning Law (*see e.g. Matter of Loudon House LLC v Town of Colonie*, 123 AD3d 1406, 1408 [2014]) and that Leach Properties did not submit competent financial evidence establishing that the property could not realize a reasonable return under its current permitted uses (*see e.g. Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals*, 127 AD3d 1360, 1362 [2015]; *Matter of Belgarde v Kocher*, 215 AD2d 1002, 1003 [1995]). Thus,"review of [the contention that Leach raises] would neither alter the result nor directly affect a substantial right or interest of any party to this appeal" (*Klam v Klam*, 239 AD2d 390, 391 [1997]; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Habe v Triola*, 154 AD2d 437, 438 [1989]). To the extent that Leach seeks an advisory opinion in regard to a future attempt to obtain a use variance, "[t]he courts of New York do not issue advisory opinions for the fundamental reason that in this State '[t]he giving of such opinions is not the exercise of the judicial function' " (*Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988], quoting *Self-Insurer's Assn. v State Indus. Commn.*, 224 NY 13, 16 [1918, Cardozo, J.]; *see Matter of Castillo*, 146 AD3d 1270, 1270-1271 [2017]).

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.