Deutsche Bank Natl. Trust Co. v 9th St, LLC (2021 NY Slip Op 05542)





Deutsche Bank Natl. Trust Co. v 9th St, LLC


2021 NY Slip Op 05542


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-03252
 (Index No. 514752/15)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
9th St, LLC, respondent, et al., defendants.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 2, 2019. The order granted the motion of the defendant 9th St, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed, with costs.
The plaintiff in this mortgage foreclosure action appeals from an order that granted the motion of the defendant 9th St, LLC (hereinafter the defendant), pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In the order, the Supreme Court determined that this action was untimely, as the entire mortgage debt had been accelerated more than six years before the commencement of this action (see generally Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21-22). In reaching this conclusion, the court rejected the plaintiff's contention that certain monthly invoices sent to the defendant's lawyer had been effective to de-accelerate the outstanding mortgage debt. The court set forth two alternative grounds for this determination: (1) the invoices were not sent to the proper address as specified in the mortgage, and (2) the invoices failed to constitute clear and unequivocal notice of the plaintiff's election to de-accelerate the outstanding mortgage debt.
On appeal, the plaintiff does not contend that the invoices were sent to the proper address in accordance with the terms of the mortgage. The only argument made by the plaintiff that relates to the first alternative ground set forth in the order appealed from is raised for the first time on appeal and not properly before this Court (see Wells Fargo Bank v Islam, 174 AD3d 670, 671). Under the circumstances, we decline to review this contention for the first time on appeal (see generally Bingham v New York City Tr. Auth., 99 NY2d 355, 359). In view of this determination, we need not address the plaintiff's remaining contentions, as they all relate to the second alternative ground set forth in the order appealed from (see generally Katz v Hampton Hills Assoc. Gen. Partnership, 186 AD3d 688, 690; Matter of Jenkins v Leach Props. LLC, 151 AD3d 1419, 1420; Habe v Triola, 154 AD2d 437; SOS Oil Corp. v Norstar Bank of Long Is., 152 AD2d 223, 228, affd 76 NY2d 561). Under the circumstances, we affirm the order appealed from (see Lichtman v Grossbard, 73 NY2d 792, 795-796; Wells Fargo Bank v Islam, 174 AD3d at 672).
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court