9th St., LLC v Deutsche Bank Natl. Trust Co. (2022 NY Slip Op 06097)

9th St., LLC v Deutsche Bank Natl. Trust Co.

2022 NY Slip Op 06097

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-11770
2019-11771
 (Index No. 520901/16)

[*1]9th St., LLC, respondent, 
v
Deutsche Bank National Trust Company, etc., appellant.

Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), entered May 22, 2019, and (2) an order and judgment (one paper) of the same court dated July 15, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the complaint. The order and judgment, upon the order, denied the same relief to the defendant, granted the same relief to the plaintiff, and directed the Kings County Clerk to cancel and discharge of record the subject mortgage and the assignments thereof.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2006, Linda Khaski Gindi executed a note that was secured by a mortgage on real property located in Brooklyn. In 2008, Gindi transferred the property to 9th St., LLC (hereinafter the LLC). The note and mortgage were ultimately assigned to Deutsche Bank National Trust Company (hereinafter Deutsche Bank), and in 2009, Deutsche Bank commenced an action against, among others, Gindi and the LLC to foreclose the mortgage (hereinafter the 2009 action), in which Deutsche Bank accelerated the debt. In 2014, the Supreme Court directed dismissal of the complaint in the 2009 action pursuant to CPLR 3215(c). In 2015, Deutsche Bank commenced a second action to foreclose the mortgage (hereinafter the 2015 action). In an order dated January 2, 2019, the court granted the LLC's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint in the 2015 action insofar as asserted against it as time-barred, as the debt had not been de-accelerated and the 2015 action was filed more than six years after the commencement of the 2009 action. This Court subsequently affirmed the order dated January 2, 2019 (see Deutsche Bank Natl. Trust Co. v 9th St, LLC, 198 AD3d 717, 717).
In 2016, the LLC commenced this action against Deutsche Bank pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Deutsche Bank moved for summary [*2]judgment dismissing the complaint, and the LLC cross-moved for summary judgment on the complaint. In an order entered May 22, 2019, the Supreme Court denied Deutsche Bank's motion and granted the LLC's cross motion. In an order and judgment dated July 15, 2019, the court denied the same relief to Deutsche Bank, granted the same relief to the LLC, and directed the Kings County Clerk to cancel and discharge of record the mortgage and the assignments thereof. Deutsche Bank appeals from the order and from the order and judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 348).
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (Deutsche Bank Natl. Trust Co. v Daldan, Inc., 188 AD3d 995, 996 [internal quotation marks omitted]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456).
Here, the LLC correctly contends that the doctrine of collateral estoppel barred Deutsche Bank from relitigating the issue of whether the statute of limitations for commencing a foreclosure action had expired. The LLC established that this precise issue was decided against Deutsche Bank in the 2015 action (see id. at 456; Deutsche Bank Natl. Trust Co. v Daldan, Inc., 188 AD3d at 996). Deutsche Bank does not argue on appeal that it lacked a full and fair opportunity to litigate this issue in the 2015 action. In any event, the LLC's submissions in support of its cross motion in this action demonstrated that Deutsche Bank did have a full and fair opportunity to litigate this issue in the 2015 action, and Deutsche Bank failed to raise a triable issue of fact in opposition to this showing. Accordingly, because the time in which to commence an action to foreclose the mortgage had expired, the LLC was entitled to summary judgment on the complaint in this action to cancel and discharge of record the mortgage (see RPAPL 1501[4]).
In light of the foregoing, we need not address Deutsche Bank's remaining contention.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court