Grossman v Federal Natl. Mtge. Assn. (2023 NY Slip Op 00845)

Grossman v Federal Natl. Mtge. Assn.

2023 NY Slip Op 00845

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-03283
 (Index No. 616458/19)

[*1]Lance Grossman, et al., appellants, 
v
Federal National Mortgage Association, etc., defendant, U.S. Bank Trust, N.A., etc., respondent.

Lance Grossman, New York, NY, appellant pro se and for appellant Lori Grossman.
Day Pitney LLP, New York, NY (Alfred W. J. Marks and Gregory R. Bruno of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 13, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant U.S. Bank Trust, N.A., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action against the defendant U.S. Bank Trust, N.A. (hereinafter U.S. Bank), and another defendant pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage encumbering certain property located in North Woodmere. In lieu of answering the complaint, U.S. Bank moved, inter alia, pursuant to CPLR 3211(a)(4) and (5) to dismiss the complaint insofar as asserted against it. Among other things, U.S. Bank argued that the doctrine of collateral estoppel precludes relitigation of the issue of whether an action to foreclose the mortgage would be time-barred, which had been adjudicated in a prior action to foreclose the mortgage (hereinafter the prior action). In an order entered February 13, 2020, the Supreme Court, inter alia, granted that branch of U.S. Bank's motion which was to dismiss the complaint insofar as asserted against it. The plaintiffs appeal.
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (Deutsche Bank Natl. Trust Co. v Daldan, Inc., 188 AD3d 995, 996 [internal quotation marks omitted]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456).
Here, U.S. Bank established that the doctrine of collateral estoppel barred the plaintiffs from relitigating the issue of whether the statute of limitations for commencing a [*2]foreclosure action had expired. The issue was decided against the plaintiffs in the prior action. Moreover, the plaintiffs do not argue that they lacked a full and fair opportunity to litigate the issue in the prior action.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of U.S. Bank's motion which was to dismiss the complaint insofar as asserted against it (cf. 9th St., LLC v Deutsche Bank Natl. Trust Co., 210 AD3d 613).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court