Matter of Berg (2024 NY Slip Op 01662)

Matter of Berg

2024 NY Slip Op 01662

Decided on March 22, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND GREENWOOD, JJ. (Filed Mar. 22, 2024.) 

&em;

[*1]MATTER OF STEFAN D. BERG, A DISBARRED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of contempt entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on June 25, 1992, and formerly maintained an office in Syracuse. By order entered March 31, 2017, this Court disbarred respondent for professional misconduct including neglecting client matters, engaging in conduct involving dishonesty and deceit, and violating an order of this Court by practicing law while suspended (Matter of Berg, 150 AD3d 94 [4th Dept 2017]).
In January 2024, the Grievance Committee filed a motion for an order, pursuant to Judiciary Law §§ 90 (2) and 750 (A) (3), punishing respondent for criminal contempt of court on the ground that he willfully disobeyed this Court's order of disbarment by holding himself out as an attorney and offering legal advice to another in relation to a legal matter. Respondent filed a response to the motion admitting certain factual allegations set forth therein and submitting matters in mitigation.
Respondent admits that, in late 2021, he was assisting the owner of a small business with certain financial and other business matters. The business owner resided with a companion; after the owner of the residential property threatened to evict the companion, the attorney representing the companion recommended that the business owner retain independent counsel in relation to the eviction matter. Respondent admits that he subsequently communicated with the attorney for the companion by phone and email concerning the substance of the eviction matter, including an email in early March 2022 wherein respondent provided legal advice or an opinion concerning legal strategy and offered to perform "some of the work" on a potential civil claim against the owner of the property. Shortly thereafter, the attorney for the companion ceased communicating with respondent upon learning that respondent was disbarred.
We have previously held that the conduct of a disbarred or suspended attorney in failing to advise clients of a disbarment or suspension, holding oneself out as an attorney, agreeing to accept legal fees, and continuing to engage in the practice of law constitutes criminal contempt of court in violation of Judiciary Law § 750 (A) (3) (see Matter of Watt, 179 AD3d 23, 24 [4th Dept 2019]; Matter of Dale, 87 AD3d 198, 200 [4th Dept 2011]). "'The practice of law involves the rendering of legal advice and opinions directed to particular clients'" and it includes "exercis[ing] professional judgment directed at the legal problem of a particular client" (Matter of Brandes, 2015 NY Slip Op 81096 [U] [2d Dept 2015], affd 28 NY3d 1041 [2016], rearg denied 28 NY3d 1162 [2017], quoting Matter of Rowe, 80 NY2d 336, 341-342 [1992]).
Under the circumstances of this case, we conclude that respondent held himself out as an attorney and engaged in the practice of law in contemptuous disregard of this Court's order of disbarment. Accordingly, we impose a fine in the amount of $1,000 and direct respondent to pay the fine within 30 days of service of the order entered herewith.