[670 NYS2d 211]

In the Matter of Peter A. Takvorian (Admitted as Peter Andrew Takvorian), an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, March 16, 1998

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Melissa D. Epstein* of counsel), for petitioner.

*Ginzberg, Katsorhis & Fedrizzi,* Flushing *(Kerry John Katsorhis* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition dated June 19, 1996, which contained six charges of professional misconduct against him. In his answer, as amended, the respondent denied most of the factual allegations contained in the petition and denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained Charge Six only. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustains Charge Six and to otherwise disaffirm the report. The respondent cross-moves to confirm the Special Referee's report.

Charge One alleged that the respondent formed a partnership with a nonlawyer for the purpose of practicing law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) and DR 3-103 (A) (22 NYCRR 1200.3 [a] [8]; 1200.18 [a]). In or around February 1992 the respondent formed a partnership with Gregory J. Kalamaras for the purpose of practicing law. The partnership was known as the Law Firm of Takvorian and Kalamaras. Gregory J. Kalamaras is not admitted to the practice of law in the State of New York. Between February 1992 and March 1994, the respondent and Gregory J. Kalamaras practiced law as partners in the County of Queens.

Charge Two alleged that the respondent aided a nonlawyer in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) and DR 3-101 (A) (22 NYCRR 1200.3 [a] [8]; 1200.16 [a]). By forming a partnership to practice law with Gregory J. Kalamaras and by practicing law with Gregory J. Kalamaras as his partner, the respondent aided a nonlawyer in the unauthorized practice of law.

Charge Three alleged that the respondent permitted a non-attorney to be a signatory of an attorney trust account, in violation of Code of Professional Responsibility DR 1-102 (A) (8) and DR 9-102 (E) (22 NYCRR 1200.3 [a] [8]; 1200.46 [e]). On or about February 14, 1992, the respondent and Gregory J. Kalamaras opened a Chase Manhattan Bank account numbered 109-1-113967 and entitled "Takvorian and Kalamaras Attorney Trust Account". Gregory J. Kalamaras was authorized as a signatory of the aforesaid account, which was designated an attorney trust account, and was used by the Law Firm of Takvorian and Kalamaras to deposit and hold client funds.

Charge Four alleged that the respondent drew checks on his attorney trust account payable to cash and not to a named payee, in violation of Code of Professional Responsibility DR 1-102 (A) (8) and DR 9-102 (E) (22 NYCRR 1200.3 [a] [8]; 1200.46 [e]). On or about December 3, 1993, the respondent drew check number 0796 on the attorney trust account numbered 109-1-113967 in the amount of $1,100, payable to the order of cash. On or about December 9, 1993, the respondent drew check number 0799 on the attorney trust account numbered 109-1-113967 in the amount of $1,800, payable to the order of cash.

Charge Six alleged that the respondent gave false and misleading testimony to the Grievance Committee in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

On October 26, 1994, the respondent gave the following testimony at the petitioner's office:

"Q: So that's when you set up as a sole practitioner, in 1991?

"A: For calendar 1991, yes. Since that time I have been a sole practitioner.

"Q: And then you ultimately hired an attorney to work for you in the office; is that correct?

"A: I think Angelo came on sometime during this year, during '94. He did some part-time work, he did some volunteer work, but this last—this past year he's been working with me pretty regularly.

"Q: Is he a partner?

"A: No.

"Q: So you're the only partner in the firm?

"A: Yeah. There are no partners.

"Q: Now, in 1991, when Mr. Kalamaras started working for you, can you just kind of clarify, it was at this location, correct, 42-40 Bell Boulevard?

"A: Right.

"Q: Did you say he was a full-time employee or part-time employee?

"A: I don't recall what I said. I believe I said it was on a part-time basis he did some work for me.

"Q: How long did that continue on a part-time basis?

"A: On and off a couple of years, you know, over the next couple of years.

"Q: Was it a continuous employment from '91 through '94?

"A: Yeah. What would happen was he would work for me. We were—I had some accounting business, like tax returns mostly, so I was giving him some of that to do. I was trying to back off from that stuff.

"So we were like—he was referring clients to me, he was assisting me. He'd come to court with me, he'd come to a closing with me, he's like prepare a file, you know, things like that. He'd contract with me. I was kind of teaching him the ropes."

On January 26, 1995, the respondent gave the following testimony at the petitioner's office:

"Q: At that time when you decided to try to combine the two practices, Mr. Kalamaras' accounting practice with your legal practice, did you know that he was not admitted as an attorney.

"A: I did not know that he was not admitted.

"Q: When did you find out that he was not an attorney?

"A: When I got your letter from—when you notified me about this investigation."

Based on the respondent's admissions and the evidence adduced at the hearing, we find that Charges One, Two, and Three are sustained insofar as they allege violations of Code of Professional Responsibility DR 1-102 (A) (8) and DR 3-101 (A) (22 NYCRR 1200.3 [a] [8]; 1200.16 [a]). Charges Four and Six are also sustained, but Charge Five is not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that, with regard to Charges One through Four, the Special Referee found an absence of venal intent. Moreover, in sustaining Charge Six (giving false and misleading testimony to the Grievance Committee), the Special Referee found that the respondent's conduct was mitigated by his later testimony, his candid admissions, and his corrections of his earlier misrepresentations. The respondent's prior disciplinary history consists of a Letter of Caution dated April 19, 1988, for neglecting a legal matter entrusted to him.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm in part and to disaffirm in part the Special Referee's report and the respondent's cross motion to confirm the Special Referee's report are determined as follows: Charges One, Two, and Three are sustained insofar as they allege violations of Code of Profes-

sional Responsibility DR 1-102 (A) (8) and DR 3-101 (A) (22 NYCRR 1200.3 [a] [8]; 1200.16 [a]). Charges Four and Six are also sustained, and Charge Five is not sustained; and it is further,

Ordered that the respondent, Peter A. Takvorian, is suspended from the practice of law for a period of one year, commencing April 17, 1998, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during the one-year period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter A. Takvorian, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.