■ In the Matter of THOMAS R. MITCHELL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [874 NYS2d 828]—

Per Curiam. Respondent was admitted to practice by this Court in 1992. He maintained an office for the practice of law in California, where he was admitted to the bar in 1998.

By order dated August 3, 2007, the Supreme Court of California imposed upon respondent a 90-day actual suspension followed by a one-year stayed suspension, which was conditioned upon compliance with the conditions of a two-year period of probation. He was also ordered to take and pass the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of the date of that order. By subsequent order dated September 19, 2008, respondent was suspended from the practice of law in California, pending proof of passage of the MPRE, since he had not passed it within the time prescribed by the August 3, 2007 order.

According to the decision of the State Bar Court of California, respondent engaged in professional misconduct by aiding another in the unauthorized practice of law, assisting a suspended attorney in collecting illegal fees, and committing acts of moral turpitude. Petitioner moves for an order imposing reciprocal discipline upon respondent pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has filed a reply that does not

1268

establish any of the defenses to reciprocal discipline (*see* 22 NYCRR 806.19 [d]), and we therefore grant petitioner's motion. Under the circumstances presented and given the seriousness of the misconduct engaged in, we conclude that respondent should be suspended from the practice of law for a period of two years (*see e.g. Matter of Takvorian*, 240 AD2d 95 [1998]).

Peters, J.P., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).