[60 NYS3d 153]

In the Matter of Natalia A. Sishodia (Admitted as Natalia Aleksandrovna Sishodia), an Attorney, Respondent. Attorney Grievance Committee for the First Judicial Department, Petitioner.

First Department, September 5, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Orlando Reyes* of counsel), for petitioner.

*Michael S. Ross,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Natalia A. Sishodia was admitted to the practice of law in the State of New York by the First Judicial Department on January 13, 2014, under the name Natalia Aleksandrovna Sishodia. At all times relevant to this proceeding, she maintained a law practice within the First Judicial Department.

By notice of joint motion dated April 26 and April 27, 2017, the Attorney Grievance Committee (the Committee) and respondent move pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) for this Court to impose discipline on consent based upon the parties' stipulated facts and their agreement that respondent be suspended from the practice of law for two years and until further order of this Court.*

The disciplinary charges to be resolved by this joint motion arose from respondent's employment at the firm of Felix Nihamin and Associates, P.C. (the firm). Respondent, who is now 33 years old, began working at the firm in or about November 2012 as a part-time law clerk. She became an associate in

---

* As is required by the Rules for Attorney Disciplinary Matters, the parties submit, in addition to their stipulation of facts, an affidavit from respondent in which she conditionally admits to the stipulation of facts and to violating several of the New York Rules of Professional Conduct (22 NYCRR 1200.0), and in which she freely and voluntarily consents to the agreed upon discipline and acknowledges the consequences of doing so (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).

January 2014 following her admission to the New York State bar. In or about August 2014, respondent, then nine-months pregnant, left the firm, intending her departure to be permanent so that she could be a stay-at-home parent to her daughter.

On or about October 21, 2014 (123 AD3d 193 [2014]), this Court suspended Mr. Nihamin from the practice of law for a three-month period, effective on November 20, 2014. Mr. Nihamin informed respondent of his impending suspension and asked her to manage the firm during his suspension. Respondent agreed to do so.

From on or about November 20, 2014, until in or about February 2016, respondent resumed her employment at the firm, working as its managing attorney. During this period, she was the firm's only employee authorized to practice law in New York State. Accordingly, respondent acted on behalf of the firm, representing clients on a daily basis. While doing so, respondent took a significant number of actions at the direction of Mr. Nihamin.

In addition, respondent worked with the firm's paralegals and its bookkeeper at the direction of Mr. Nihamin. Respondent also signed blank checks from the firm's operating account, to be made payable for legitimate firm expenses, which were later made payable for Mr. Nihamin's benefit by the bookkeeper, without respondent's knowledge. Some of these checks were used to pay Mr. Nihamin's personal expenses, including mortgage and car payments.

On or about February 24, 2015, Mr. Nihamin applied to this Court for reinstatement. In connection with this, respondent authorized a paralegal of the firm to sign her name to and notarize an affidavit dated April 1, 2015. The affidavit falsely stated that, during the relevant time period, Mr. Nihamin was not involved in the firm's representation of clients in legal matters in New York State. The affidavit was submitted to this Court in support of Mr. Nihamin's reinstatement application.

On or about November 16, 2015, the Committee commenced a sua sponte investigation against respondent. In response to the sua sponte investigation, respondent submitted an answer dated December 4, 2015, in which she falsely stated that, during the time period in question, she represented the firm's clients without Mr. Nihamin's participation. She also falsely represented, in her answer, that during the relevant time period, she supervised the firm's staff in connection with clients' legal matters without Mr. Nihamin's participation.

On or about January 6, 2016, the Committee interviewed respondent by telephone in connection with Mr. Nihamin's reinstatement application. During the interview, respondent falsely stated that, during the relevant time period, she represented the firm's clients and supervised the firm's staff in connection with clients' legal matters without Mr. Nihamin's participation.

Respondent also submitted a letter, dated April 1, 2016, to the Committee, by which she, inter alia, intended to supplement the written answer dated December 4, 2015. In her letter, respondent falsely minimized her contact with, and reliance on, Mr. Nihamin in connection with the firm's representation of clients in legal matters in New York State.

On April 14, 2016, respondent testified at a deposition conducted by the Committee. During the deposition, respondent falsely minimized her contact with, and reliance on, Mr. Nihamin in connection with the firm's representation of clients in legal matters in New York State.

Based upon these facts, respondent makes several admissions of misconduct. Respondent admits that by acting on behalf of the firm at Mr. Nihamin's direction while he was suspended, she aided a nonlawyer in the unauthorized practice of law and engaged in conduct prejudicial to the administration of justice (Rules of Professional Conduct [22 NYCRR 1200.0] rules 5.5 [b]; 8.4 [d]). She also admits that, by authorizing an affidavit, in her name, containing false statements to be filed with this Court, she knowingly made a false statement of fact to a tribunal, engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaged in conduct prejudicial to the administration of justice (Rules of Professional Conduct [22 NYCRR 1200.0] rules 3.3 [a] [1]; 8.4 [c], [d]).

Respondent further admits that, by knowingly submitting the December 4, 2015 answer containing a false statement to the Committee, making false statements during an interview conducted by the Committee, submitting the April 1, 2016 letter containing a false statement to the Committee, and making false statements during the deposition conducted by the Committee, she engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation as well as conduct prejudicial to the administration of justice (Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d]).

Finally, respondent admits that her overall misconduct and her disbursement of funds, from the firm's operating account to

a suspended attorney, for him to use for his own benefit, constituted conduct that adversely reflects on her fitness as an attorney (Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [h]).

The parties request that we discipline respondent for her misconduct by imposing a two-year suspension from the practice of law. In support of this request, the parties stipulate to the following mitigating factors: there have been no complaints made against respondent since the conduct at issue took place; respondent has no prior disciplinary record; respondent is relatively young and naive; respondent's misconduct was largely motivated by misplaced loyalty to her former employer; respondent accepted full responsibility and is remorseful; and respondent is well-regarded in the legal community, with an excellent reputation for honesty and integrity.

The parties also stipulate to the following aggravating factor: respondent made multiple false statements to the Committee in connection with its investigation.

In light of these mitigating and aggravating factors, as well as the facts and circumstances of respondent's misconduct, we agree that suspension is the appropriate disciplinary sanction (*see Matter of Thalasinos*, 116 AD3d 155, 160-162 [1st Dept 2014] [one-year suspension imposed when attorney who assisted a suspended attorney in the practice of immigration law and made a false statement to the Committee about his doing so had a substantial history of public service and expressed remorse]; *Matter of Takvorian*, 240 AD2d 95, 96-98 [2d Dept 1998] [one-year suspension imposed when attorney who operated a law practice with a nonattorney and misrepresented his doing so corrected his earlier misrepresentation, was candid, and had a limited prior disciplinary history]). Here, because respondent made multiple misrepresentations, both to the Committee and this Court, we agree that the suspension imposed should be for a period of two years (*see Matter of Leavitt*, 291 AD2d 37, 39 [1st Dept 2002] [18-month suspension appropriate where the respondent made misrepresentations to a client and initially gave misleading answers to the Committee]; *Matter of Rabinowitz*, 189 AD2d 402, 409-410 [1st Dept 1993] *lv denied* 82 NY2d 653 [1993] [three-year suspension appropriate where the respondent, who had a prior disciplinary record, made misrepresentations to the Committee and his clients in connection with charges that he neglected clients' legal matters]).

Accordingly, the joint motion for discipline on consent under 22 NYCRR 1240.8 (a) (5) should be granted and respondent is

suspended from the practice of law in the State of New York for a period of two years and until further order of this Court, effective nunc pro tunc to April 26, 2017, the date of respondent's affidavit in support of the joint motion.

FRIEDMAN, J.P., MAZZARELLI, MOSKOWITZ, GISCHE and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, nunc pro tunc to April 26, 2017, and until further order of this Court.