Matter of Machado (2018 NY Slip Op 03468)





Matter of Machado


2018 NY Slip Op 03468


Decided on May 10, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Peter Tom
Angela M. Mazzarelli
Marcy L. Kahn
Anil C. Singh, Justices.


&em;

[*1]In the Matter of Esmeralda Machado, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Esmeralda Machado, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Esmeralda Machado, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 25, 2004.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Esmeralda Machado was admitted to the practice of
law in the State of New York by the First Judicial Department on October 25, 2004. Respondent's last registered address was in New Jersey.
By order filed July 20, 2017, the Supreme Court of New Jersey permanently barred respondent from appearing pro hac vice in New Jersey for, inter alia, engaging in the unauthorized practice of law in that state.[FN1]
Now, by notice of motion, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, disciplining respondent predicated upon discipline imposed by the Supreme Court of New Jersey and directing her to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, sanctioning respondent as this Court deems appropriate.
Upon receiving the Committee's motion, respondent asked for and was granted a 90-day adjournment to respond, however, no response has been submitted.
In February 2016, the New Jersey Office of Attorney Ethics (OAE) filed a formal disciplinary complaint charging respondent with violating New Jersey Rules of Professional Conduct (NJ RPC) rule 3.3(a)(1) (lack of candor to a tribunal), rule 5.5(a)(1) (unauthorized practice of law), rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and rule 8.4(d) (conduct prejudicial to the administration of justice) stemming from, inter alia, her violating the terms of her pro hac vice admission in New Jersey.
The matter was presented to the New Jersey Disciplinary Review Board (DRB) on a certification of default. The DRB found that most of the facts recited in the complaint supported the charges of unethical conduct, deemed respondent's failure to file an answer an admission that the allegations at issue were true, and, as to sanction, recommended that respondent's pro hac vice privileges in New Jersey be suspended until further order of the New Jersey Supreme Court.
The DRB's findings of fact are as follows. In September 2011, respondent's law school classmate, Sarah M., sponsored respondent's application before the Criminal Division, Union County, for admission pro hac vice in New Jersey so that she could represent Angel R. in a pending criminal matter. The court entered an order admitting respondent pro hac vice counsel for Angel R. and required her to pay the annual registration fee (pursuant to court rules), within 10 days, and to submit an affidavit of compliance. Respondent failed to pay the registration fee and under the terms of the order, the pro hac vice admission self-terminated at the end of the 10-day grace period. Nevertheless, respondent represented Angel R. in his criminal matter from 2011 through 2014. Respondent's failure to pay the annual fee rendered her ineligible to practice law in New Jersey under NJ Court Rule 1:20-1(b).[FN2]
In June 2012, attorney Sarah M. filed another application to have respondent admitted pro hac vice to serve as counsel for Christian A., the defendant in a matrimonial action. The court issued an order granting respondent pro hac vice admission requiring her to pay the annual registration fee within 10 days and submit an affidavit of compliance. Respondent again failed
to pay the registration fee within the time frame provided in the court's order but, nonetheless, she represented Christian A. in his matrimonial matter in 2012 and 2013. In April 2014, respondent finally paid the annual registration fees due for 2011 through 2014.
In addition to representing Angel R. in the criminal matter discussed above, respondent represented him in an earlier workers' compensation matter. In March 2011, respondent sent a letter of representation to the workers' compensation insurance carrier on fabricated letterhead which stated that respondent worked for "The Law Office of Sarah [M.]" but the address listed [*2]under Sarah M.'s name was that of respondent. The letter also requested that the carrier send all future correspondence regarding the case to the address listed which, as noted, was respondent's address. Respondent signed the letter as "Amy Gold." Sarah M. did not authorize or consent to respondent's use of her name or letterhead. Further, respondent was not licensed to practice law in New Jersey when she sent the letter of representation to the carrier, nor had she been admitted pro hac vice for the workers' compensation claim.
In January 2012, respondent told Sarah M. that Angel R.'s criminal matter had concluded after he pled guilty, which representation respondent knew to be false because Angel R.'s case was still pending at that time and did not conclude until 2014 [FN3].
Respondent first met Angel R. in January 2010 and the two began a social relationship which quickly turned romantic. When criminal charges for aggravated assault were brought against Angel R. in March 2010, respondent agreed to represent him. In April 2011, respondent obtained a written waiver of any potential conflict of interest.[FN4]
In August 2012, respondent and Angel R. were married while in Cuba and were married again in September 2012 in New Jersey. In or about 2013, at Angel R.'s request, respondent agreed to file for divorce in order to pose as the fiancee of Angel R.'s cousin, Gorge R., a Cuban national, in order to facilitate Gorge's entry into the United States. Once Gorge's residency in the United States had been established, respondent planned on remarrying Angel R.
In furtherance of this scheme, respondent in March 2013, signed and filed a pro se complaint for divorce. The complaint stated that she and Angel R. had irreconcilable differences, that there was no reasonable prospect of reconciliation, that they lived at separate addresses, and that their marriage should be dissolved.
In fact, respondent's statements were false because the couple did not have irreconcilable differences, they lived together at the time of the divorce, and respondent was pregnant with their first child. Nevertheless, they were divorced in September 2013 and, three months later, respondent gave birth to their daughter.
Soon after the September 2013 divorce, respondent determined that it would be unethical for her to pose as Gorge's fiancee and abandoned efforts to assist him in what would have constituted immigration fraud; instead, she agreed to remarry Angel R.
The DRB found that by failing to timely pay the annual attorney assessments for the years required of her (2011 through 2014) but continuing to represent Angel R. (in the criminal matter) and Christian A. (in the matrimonial matter) in the New Jersey courts during those years, after her pro hac vice admissions had been automatically terminated, respondent engaged in the unauthorized practice of law in violation of NJ RPC rule 5.5(a)(1).
In addition, the DRB found that respondent's representation of Angel R. in his workers' compensation matter, for which she did not obtain Sarah M.'s sponsorship, her fabrication and misuse of Sarah M.'s purported letterhead, and her misrepresentation therein that she was affiliated with Sarah M.'s law office violated NJ RPC rule 8.4(c). The DRB also concluded that respondent's misrepresentation to Sarah M. in January 2012 that Angel R.'s criminal case had concluded also violated NJ RPC rule 8.4(c).
On the issue of sanctions, the DRB opined that under New Jersey precedent respondent's misconduct in totem would warrant a significant suspension. New Jersey Supreme Court adopted the DRB's decision by finding respondent guilty of violating NJ RPC rules 3.3(a)(1), [*3]5.5(a)(1), 8.4(c), and 8.4(d), and upon its review of the matter, determined that respondent should be permanently barred from appearing pro hac vice in New Jersey, and directed the OAE to refer respondent's conduct to the AGC. This order forms the basis for this proceeding.
The AGC asserts that respondent failed to promptly notify the Committee of her discipline in New Jersey as required by 22 NYCRR 1240.13(d), however, the OAE did so. The Committee seeks an order finding that respondent has been disciplined by a foreign jurisdiction and directing her to demonstrate to this Court why discipline should not be imposed in New York for the underlying conduct (22 NYCRR 1240.13[a]) because respondent's misconduct in New Jersey would constitute misconduct in this state, or, in the alternative, sanctioning respondent as this Court deems appropriate. As noted earlier respondent has failed to oppose the AGC's motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; or (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
Respondent has not raised any of the aforementioned defenses. Respondent was provided with sufficient notice and an opportunity to be heard in the New Jersey proceeding but defaulted there as well. The findings of misconduct made by the DRB and New Jersey Supreme Court are sufficiently supported by the record. Further, the misconduct for which respondent was disciplined in New Jersey would constitute misconduct in New York in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.3(a)(1) (knowingly make a false statement of fact or law to a tribunal), rule 5.5(a) (engaging in the unauthorized practice of law in a foreign jurisdiction), rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and rule 8.4(d) (conduct prejudicial to the administration of justice).
The only issue left for resolution by this Court is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Here, a reciprocal ban on pro hac vice admission cannot be imposed because respondent is an admitted New York attorney. Thus, a departure from the discipline imposed by New Jersey is warranted.
We find that a suspension for a period of two years is warranted given the serious nature of respondent's deliberate pattern of misconduct, her lack of remorse, and based on the aggravating factors set forth below (see e.g. Matter of Sishodia, 154 AD3d 123 [1st Dept 2017]; Matter of Cohen, 40 AD3d 61, 64-65 [1st Dept 2007]; Matter of Fauci, 28 AD3d 192, 198 [1st Dept 2006].
The aggravating factors we have considered include respondent's showing of an utter lack of integrity by misusing a law school friend to twice sponsor her for pro hac vice admission in New Jersey; after she failed to comply with the court's orders, and thereby allowed her pro hac vice status to automatically terminate, she continued to practice law in New Jersey; she lied to Sarah M. about the status of Angel R.'s criminal case; she altered Sarah M.'s letterhead and surreptitiously sent it to an insurer, which act had the potential to harm Sarah M.'s reputation; she filed a pro se divorce pleading with the court which contained false statements as part of a plan to commit immigration fraud which she later abandoned; and she defaulted in both disciplinary proceedings. As noted, while the AGC asserts that respondent failed to promptly advise it of her discipline in New Jersey, the OAE did so pursuant to the court's order. Further, it is entirely within this Court's discretion to impose reciprocal discipline retroactively or prospectively, both of which we have directed (see Matter of Pierre, 154 AD3d 194 [1st Dept 2017]; Matter of Gilbert, 268 AD2d 67 [1st Dept 2000]).
Accordingly, the AGC's motion should be granted to the extent of imposing reciprocal [*4]discipline pursuant to 22 NYCRR 1240.13 and suspending respondent from the practice of law in the State of New York for a period of two years and until further order of this Court.
All concur.
Order filed. [May 10, 2018]
Petitioner's motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and suspending respondent from the practice of law in the State of New York for a period of one year, effective June 11, 2018 and until further order of this Court.



Footnotes

Footnote 1:The N.J. disciplinary proceeding was brought against "Amy Machado." In correspondence with the Attorney Grievance Committee, she refers to herself as "Amy Gold." However, her name on file with OCA is "Esmeralda Machado."

Footnote 2:Respondent was also required to remit an annual payment to the New Jersey Lawyers' Fund for Client Protection, which she failed to do. This also rendered her ineligible to practice law pursuant to NJ Court Rule 1:28-2(a).

Footnote 3:Under the terms of the court order admitting respondent pro hac vice, respondent was authorized to appear and participate in Angel R.'s criminal case but Sarah M. remained the New Jersey attorney of record under NJ Court Rule 1:21-2(c)(4).

Footnote 4:The OAE's complaint did not indicate whether this criminal matter was the same one which gave rise to the charges brought against respondent.