Matter of Vayer (2019 NY Slip Op 01165)





Matter of Vayer


2019 NY Slip Op 01165


Decided on February 14, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,Justice Presiding,
Peter Tom
Barbara R. Kapnick
Ellen Gesmer
Peter H. Moulton,Justices.


3833 5539

[*1]In the Matter of M. Scott Vayer, (admitted as Marshall Scott Vayer), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, M. Scott Vayer, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, M. Scott Vayer, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 14, 1980.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Michael S. Ross, Esq. for respondent.



PER CURIAM


Respondent M. Scott Vayer was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 1980, under the name Marshall Scott Vayer. Respondent currently maintains a registered address within the First Department.
By order of October 21, 2010, this Court suspended respondent from the practice of law, until further order of this Court, as part of a mass suspension proceeding, for failure to file attorney registration fees in violation of Judiciary Law § 468-a (Matter of Attorneys Who Are in Violation of Judiciary Law § 468-a, 79 AD3d 81 [1st Dept 2010]).
On March 29, 2018, this Court continued respondent's suspension pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5)based on his continued practice of law while under his 2010 suspension for failure to meet his registration obligations (160 AD3d 232 [1st Dept 2018]). This Court denied the Attorney Grievance Committee's (Committee) request for summary disbarment but granted the Committee's alternate request for an interim suspension pending further proceedings.
In July 2018, the Committee filed its petition of charges against respondent related to the conduct underlying his interim suspension.
The parties now jointly move under 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a three-year suspension, retroactive to December 15, 2017, the date on which the Committee filed its motion to disbar/interim suspension. The Committee and respondent agree on the stipulated facts, including the misconduct itself and factors in aggravation and mitigation, and on the discipline.
Respondent's misconduct involved engaging in the unauthorized practice of law following his 2010 suspension until April 28, 2017, when he learned of his suspension and voluntarily ceased the practice of law; failing to register, pay biennial attorney registration fees, and update contact information with OCA since the 2000 biennial registration period; and failing to fulfill CLE requirements since the 2000 biennial registration period.
The parties have stipulated to several mitigating factors, including respondent's unblemished disciplinary history prior to his 2010 suspension, his full cooperation with the Committee, fulfillment of his outstanding CLE requirements and payment of his delinquent registration fees. Additionally, the parties stipulated that they are not aware of any clients harmed by respondent's misconduct, and further that respondent has an excellent reputation for the character traits of honesty and integrity. In light of the factors in mitigation, the Committee and respondent agree that a three-year suspension is appropriate (see e.g. Matter of Sishodia, 154 AD3d 123 [1st Dept 2017]).
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to December 15, 2017.
The Committee's petition of charges should be denied as moot.
All concur.
Order filed. [February 14, 2019]
The parties' motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of three years, effective nunc pro tunc to December 15, 2017, and until further order of this Court (M-5539). The Committee's [*2]Petition of Charges is denied as moot (M-3833).