Matter of Malhotra (2021 NY Slip Op 04534)





Matter of Malhotra


2021 NY Slip Op 04534


Decided on July 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 22, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Dianne T. Renwick
Troy K. Webber
Jeffrey K. Oing
Peter H. Moulton, JJ.


Motion No. 2021-01710 Case No. 2017-00290 

[*1]In the Matter of Carmen-Nedda Santiago Malhotra, an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Carmen-Nedda Santiago Malhotra, (OCA Atty. Reg. No. 3060183) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 2, 2000.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Elisabeth A. Palladino, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.



Per Curiam 


Respondent Carmen-Nedda Santiago Malhotra was admitted to the practice of law in the State of New York by the First Judicial Department on June 2, 2000. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
By unpublished order entered August 7, 2020, this Court granted the motion of the Attorney Grievance Committee for the First Judicial Department (AGC) to sustain charges and discipline respondent to the extent of directing she be disciplined on the eight charges set forth in the petition of charges based upon her admissions, and appointing a referee to conduct a sanction hearing. Now, by a joint notice of motion, the AGC and respondent ask this Court to suspend her for two years and until further order of this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(a)(5), based upon the stipulated facts and consent of the parties.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation, which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and an agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(ii), the motion is accompanied by respondent's affidavit acknowledging her conditional admission of stipulated facts, her consent to the agreed upon discipline, which she has freely and voluntarily given, and her full awareness of the consequences of such consent.
In March 2015, the Lawyers' Fund for Client Protection of the State of New York notified the State of New York Grievance Committee for the Tenth Judicial District (Committee) that JP Morgan Chase Bank had returned a payment from respondent's escrow account on February 10, 2015, due to insufficient funds. The Committee forwarded the dishonored payment report to the AGC because respondent's OCA business address was still listed as being within the First Department.
In April 2015, the AGC sent the complaint to respondent's then OCA-registered address in New York County, but she failed to answer. In July 2017, the AGC sent it to her new OCA address in the Second Department, but she still failed to answer. In August 2017, the AGC moved for an interim suspension. On or about October 11, 2017, respondent answered and the AGC withdrew its motion.
With her answer, respondent submitted purported copies of bank statements for her escrow account for the six months preceding the February 2015 dishonored payment. She said the cause of the dishonored payment to TD Bank was her inadvertent setting up of recurring automatic payments in the fall of 2014 when she only meant to schedule two payments. The purpose of these payments was to help her father with his loan payments to TD Bank. Respondent said the payments were drawn from her own legal fees that had remained in her JP Morgan Chase escrow account.
Respondent [*2]said the only client funds in the escrow account from July 2014 through February 2015 came from S.C., her lone legal client. Bank records indicate that S.C. wired approximately $75,000 into the account on July 10, 2014. Respondent's answer said S.C. deposited an additional $21,500 into the escrow account in October 2014. Respondent also testified to this at her January 30, 2018 deposition. When asked why the October deposits were made in person when the July deposit was wired, respondent answered, "I never formally asked [S.C.] why [he] did it that way So, I don't know."
Records that the AGC subpoenaed from JP Morgan Chase differ in significant ways from the purported bank records provided by respondent. First, instead of showing two deposits of $5,000 each from S.C. on October 8, 2014, the subpoenaed records reflect transfers from two Uniform Transfer to Minor Act savings accounts. These accounts were for the benefit of respondent's children. Thus, the supposed deposit numbers for the October 8 transactions on the monthly statement from respondent's set of records were forged by her.
Second, respondent's answer, the records she supplied, and the earlier part of her deposition testimony indicated that S.C. deposited $7,000 into the escrow account on October 6, 2014. However, the subpoenaed records show that the source of the October 6 deposit was a check from the joint account of respondent's in-laws.
Third, respondent's answer, the records she supplied, and the earlier part of her deposition testimony indicated that S.C. deposited $4,500 into the escrow account on October 7, 2014. However, the subpoenaed records show that the source of the October 7 deposit was respondent's husband.
On or about July 3, 2019, the AGC served respondent with a petition of eight charges. The petition alleged that she committed misconduct by misusing her escrow account, submitting a false statement to the AGC in her answer, submitting falsified bank records to the AGC with her answer, and giving false testimony at her deposition. On or about January 21, 2020, in a response to the charges, respondent acknowledged that she engaged in the misconduct set forth in the petition.
Respondent admits that her unexcused failure to answer the complaint for nearly two and a half years constitutes conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0). She admits that by making two payments from her attorney escrow account for the benefit of her father she used her attorney escrow account for personal purposes unrelated to the practice of law, in violation of rule 1.15(b)(1).
She also admits (i) that she submitted an answer that contained a materially false story as to the origins of the October 2014 deposits and transfers into her escrow account; (ii) that she intentionally falsified her escrow account bank records and knowingly submitted them with her answer; and (iii) that she knowingly provided [*3]materially false testimony to the AGC when she reaffirmed the false version of events contained in her answer at her deposition. Respondent acknowledges that these admissions constitute conduct involving dishonesty, fraud, deceit or misrepresentation in violation of rule 8.4(c), and conduct prejudicial to the administration of justice in violation of rule 8.4(d).
Finally, respondent admits that by engaging in the above conduct she engaged in conduct that adversely reflects on her fitness as a lawyer in violation of rule 8.4(h).
The parties stipulate to the following factor in aggravation: respondent had substantial experience in the practice of law at the time the misconduct occurred. The parties stipulate to the following factors in mitigation: respondent had no prior disciplinary record at the time the misconduct occurred; she expressed remorse and full acceptance of responsibility for the misconduct; and she is a fully engaged and contributing member of her family, which consists of her husband and two children.
Liability on all the charges has been established by respondent's admissions, which is amply supported by the stipulated facts. Accordingly, we grant the parties' motion for discipline by consent.
As to the appropriate sanction, the parties agree that the discipline to be imposed upon respondent should be a suspension for a period of two years and until further order of this Court. Accordingly, we accept the parties' agreed upon sanction (see Matter of Sishodia, 154 AD3d 123, 127 [1st Dept 2017]).
Accordingly, this Court grants the parties' joint motion for discipline by consent and suspends respondent from the practice of law for a period of two years and until further order of the Court.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Carmen-Nedda Santiago Malhotra is suspended from the practice of law in the State of New York for a period of two years, effective August 23, 2021, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Carmen-Nedda Santiago Malhotra, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Carmen-Nedda Santiago Malhotra shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Carmen-Nedda Santiago Malhotra has been issued a [*4]secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered. July 22, 2021