[863 NYS2d 804]

In the Matter of FRANK J. HANCOCK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 2008

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* and *Melissa D. Broder* of counsel), for petitioner.

*Richard M. Maltz,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served a petition dated July 31, 2006, upon the respondent and corespondent Sheldon H. Kronegold containing 10 charges of professional misconduct. All of the charges emanate from a common set of factual allegations. Charges one through four relate only to former corespondent Kronegold. Charges five through nine relate only to the respondent. Charge ten relates to both the respondent and Kronegold. Those portions of the charges as relate to Kronegold will not be further discussed.

Preliminary conferences were conducted by Justice Sullivan on April 30, 2007 and June 15, 2007, prior to his recusal. After a hearing which commenced on October 30, 2007 and concluded on November 15, 2007, Special Referee Pizzuto sustained all six charges as related to the respondent. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent cross-moves to confirm in part and disaffirm in part the Special Referee's report to the extent of disaffirming the Special Referee's findings and dismissing all charges, except for charge seven, and remitting this matter to the Grievance Committee for the issuance of a private reprimand or, in the alternative, issuing a three-month or six-month suspension depending upon the number and significance of the charges sustained, and allowing the respondent to apply for reinstatement prior to the expiration of the period of suspension.

In or about October 2002, Rosemarie D'Ambrosio, also known as Rosemarie Hembury (hereinafter Hembury), hired Burton Pugach, a disbarred attorney, to represent her on appeal from an order of the Family Court, Suffolk County, awarding custody of her son Brian to her former husband, Brian Wecker. In or about October 2002, Pugach paid Kronegold, who has since resigned, for services in the Hembury matter. At the behest of Pugach, Kronegold signed and filed a notice of appeal and an order to show cause in the Appellate Division, Second Department, as attorney for Hembury, seeking a stay of enforcement of the Family Court order. A brief prepared by Pugach, and bearing the purported signature of Kronegold, was filed with the Court, and oral argument was scheduled for June 9, 2003.

On June 9, 2003, at the behest of Pugach, the respondent appeared in the Appellate Division, Second Department, to argue the appeal in *Matter of Brian Wecker v Rosemarie D'Ambrosio, also known as Rosemarie Hembury*. The respondent failed to execute a written retainer agreement with Hembury. During the course of oral argument before the Appellate Division, the respondent falsely stated that he was appearing in a pro bono capacity when, in fact, he had been paid the sum of $1,000 by Hembury.

In or about December 2003, Pugach, a disbarred attorney, prepared several chapter 11 bankruptcy petitions which were filed in the United States Bankruptcy Court for the Southern District of New York on behalf of St. Stephen's Corporation. At the behest of Pugach, the respondent signed those petitions as attorney of record.

The respondent exercised no supervision over Pugach and permitted him to unlawfully conduct the bankruptcy proceedings under the respondent's name. The respondent made false, misleading, and conflicting statements to the Bankruptcy Court concerning Pugach's involvement in the proceedings.

On or about August 5, 2004, Judge Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York sanctioned the respondent in the sum of $9,869.

Charge five alleges that the respondent aided a disbarred attorney in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]), with respect to the Hembury matter.

Charge six alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), with respect to the Hembury matter.

Charge seven alleges that the respondent accepted compensation in a domestic relations matter without entering into a written fee agreement with the purported client, in violation of 22 NYCRR 1400.1 *et seq.*

Charge eight alleges that the respondent aided a disbarred attorney in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]), with respect to the St. Stephen's matter.

Charge nine alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), with respect to both the Hembury and St. Stephen's matters.

Charge ten alleges that the respondent failed to reveal information to tribunals that Burton Pugach had perpetrated frauds upon the tribunals, in violation of Code of Professional Responsibility DR 7-102 (b) (2) (22 NYCRR 1200.33 [b] [2]), with respect to the both the Hembury and St. Stephen's matters.

Based on the credible evidence adduced, the Special Referee properly sustained all six charges of professional misconduct against the respondent. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent's

prior disciplinary history includes a letter of caution dated April 19, 1988, advising the respondent to consult with the client before turning his file over to another attorney, and a letter of caution dated March 19, 2001, emanating from his employment of Pugach in two matters.

The respondent asks the Court to consider his remorse and contrition for the mistakes he admittedly made and "for issues that should have been handled differently and more appropriately." In addition, the respondent has presented numerous character letters from professional colleagues and long-time associates attesting to his competence and integrity, as well as one from his wife detailing the respondent's charitable and trusting nature, her own distrust of Pugach, and the hardships which the family would endure if he were to lose his license to practice law.

Notwithstanding the mitigation advanced and the character evidence submitted, the record reveals that the respondent afforded so little regard to his law license as to allow a disbarred felon to use his name freely on court papers and to advertise himself as his paralegal. In addition, the respondent knowingly made a misrepresentation to this Court during the course of oral argument. Under the circumstances, the respondent is disbarred. We note that the letter dated April 7, 2008, submitted to the Court by Pugach, which has elicited objections from both the Grievance Committee and the respondent, has not been considered in this proceeding.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Frank J. Hancock, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Frank J. Hancock, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Frank J. Hancock is commanded to desist and refrain

from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Frank J. Hancock, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).