18-680-pr
*Superville v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand nineteen.

PRESENT:    AMALYA L. KEARSE,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NEKEBWE SUPERVILLE,
                    *Petitioner-Appellant,*

            v.                                          18-680-pr

UNITED STATES OF AMERICA,
                    *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:        VINOO P. VARGHESE, Varghese &
                                 Associates, P.C., New York, New York.

FOR RESPONDENT-APPELLEE:         MARCIA M. HENRY, Assistant United States
                                 Attorney (Amy Busa, Assistant United States

Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Nekebwe Superville appeals pursuant to a certificate of appealability issued March 6, 2018, by the United States District Court for the Eastern District of New York (Weinstein, *J.*). The certificate of appealability certified two issues for appeal: (1) "[w]hether petitioner was denied the effective assistance of counsel under the Sixth Amendment"; and (2) "[w]hether petitioner's constitutional claim was timely under 28 U.S.C. § 2255." App'x at 360. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Superville is not a United States citizen. In May 2013, he was arrested for participating in a drug trafficking organization. He retained attorney Howard Greenberg and agreed to cooperate with the government. Before pleading guilty, Superville received warnings in the plea agreement and from the magistrate judge and district judge that his conviction would have immigration consequences. It is "undisputed that Superville understood that he 'could' be deported as a result of his guilty plea." S. App'x at 10. On February 18, 2014, Superville pled guilty to two

- 2 -

aggravated felonies: one count of conspiring to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii), and one count of conspiring to transfer and deliver United States currency involving the proceeds of narcotics trafficking, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i). Because of his assistance to the government, Superville was sentenced principally to three years' probation. Judgment was entered on November 14, 2014.

On July 18, 2017, Superville was detained by immigration officers pursuant to a Department of Homeland Security notice to appear for removal proceedings. On October 5, 2017, Superville, represented by new counsel, filed a motion under 28 U.S.C. § 2255, or for a writ of error *coram nobis*, to vacate his guilty plea and conviction, arguing that Greenberg's performance was constitutionally ineffective by failing to advise him that his plea subjected him to mandatory deportation.

The district court held an evidentiary hearing on February 14 and 16, 2018, and three witnesses testified: Superville, Superville's mother, and Greenberg. In its February 27, 2018 memorandum and order, the district court rejected several parts of Superville's testimony because it conflicted with the contemporaneous evidence that he knew there was a strong possibility of deportation and he still would have pled guilty even with a stronger warning. Greenberg testified that he told Superville that he "could be deported as a result of the plea," but disavowed telling Superville not to worry about deportation. The district court denied Superville's motion because it was untimely and,

- 3 -

in the alternative, Superville was not prejudiced by his attorney's alleged ineffectiveness. On March 6, 2018, the district court issued its certificate of appealability. Superville filed a timely notice of appeal on March 9, 2018.

## STANDARD OF REVIEW

"We review a district court's findings of fact for clear error, and its denial of a Section 2255 petition *de novo*." *Elfgeeh v. United States*, 681 F.3d 89, 91 (2d Cir. 2012). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it" even if we would have weighed the evidence differently. *Id.* at 573-74.

## DISCUSSION

As certified by the district court, two issues are presented: (1) "[w]hether petitioner's constitutional claim was timely under 28 U.S.C. § 2255"; and (2) "[w]hether petitioner was denied the effective assistance of counsel under the Sixth Amendment of the United States Constitution." S. App'x at 13.

## I. Timeliness of Superville's § 2255 Petition

A § 2255 petition is subject to a one-year period of limitation, which runs from the later of "the date on which the judgment of conviction becomes final" or "the

- 4 -

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(1), (4).  For the purposes of § 2255(f)(1), "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam).  Section 2255(f)(4), moreover, "is not a tolling provision that extends the length of the available filing time"; rather, § 2255(f)(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final [under § 2255(f)(1)] . . . to the later date on which the particular claim accrued."  *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).  The relevant inquiry is "when a duly diligent person in petitioner's circumstances would have discovered [facts supporting the claim]."  *Id.*  This "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence."  *Id.* at 190 n.4.  The question of when the limitations period begins to run is a fact-specific issue, *see id.* at 190, and therefore we review the district court's determination for clear error, *see Elfgeeh*, 681 F.3d at 91.

Here, the limitations period began to run from the date the judgment of conviction became final.  Under § 2255(f)(1), the judgment became final on November 28, 2014, fourteen days after it was entered on November 14, 2014, as Superville did not appeal.  *See* Fed. R. App. P. (4)(b) (requiring appeal in criminal case to be filed within fourteen days of judgment).  Although the district court found that Superville could have discovered that he was subject to mandatory deportation no later than October 8,

- 5 -

2014, based in part on the court's statements in imposing sentence that day, the one-year limitations period began to run on November 28, 2014 -- the later of the two dates -- and Superville's § 2255 motion was time-barred because he did not file his motion until October 5, 2017.

Superville argues that under § 2255(f)(4) the limitations period actually began to run on July 18, 2017, when he was arrested by immigration officers and first learned he was subject to mandatory deportation, and therefore his motion is timely. The district court's finding that Superville's could, with due diligence, have discovered his deportation status in October 2014 at the latest, however, is supported by the record. Superville received at least three warnings about his plea's immigration consequences, including in the plea agreement he signed in February 2014 acknowledging that "because [of the offenses to which] the defendant is pleading guilty . . . removal is presumptively mandatory." App'x at 48. Superville stated under oath that he read it thoroughly and discussed it with his attorney, and he told both the magistrate and district judges that he understood the immigration consequences of his guilty plea. Based on these warnings, a reasonably diligent person would have discovered that he was subject to presumptively mandatory deportation in October 2014. Therefore, on this record, the district court did not err in finding that Superville could, with due diligence, have discovered that he was subject to mandatory deportation prior to November 2014, and in concluding that his § 2255 petition was time-barred.

**II.	Ineffective Assistance of Counsel**

Even if the § 2255 petition had been timely filed, it would fail on the merits. The Sixth Amendment grants criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In general, a defendant claiming ineffective assistance must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. When a defendant alleges that a counsel's deficient performance led him to accept a guilty plea rather than go to trial, we "consider whether the defendant was prejudiced by the denial of the entire judicial proceeding to which he had a right." *Jae Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (alteration and internal quotation marks omitted). To demonstrate prejudice, then, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Kovacs v. United States*, 744 F.3d 44, 52 (2d Cir. 2014).

The district court did not reach the question of whether counsel's advice that Superville "could" be deported was unreasonable, but held that even assuming Greenberg was ineffective (by saying "could" rather than "would"), Superville had failed to show prejudice. The court found that Superville failed to show "that a stronger warning would have led him to stand trial." S. App'x at 10. This finding was not clearly erroneous, particularly in light of the three other warnings Superville received,

including one in the plea agreement, which he read and signed, that "removal is presumptively mandatory." App'x at 48. Much of the evidence that Superville relies on are *post hoc* assertions, and we will "not upset a plea solely because of *post hoc* assertions" about how a petitioner "would have pleaded but for his attorney's deficiencies." *Jae Lee*, 137 S. Ct. at 1967. The district court did not credit this aspect of Superville's testimony, and "clear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations." *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (per curiam). The district court, therefore, did not err in holding that Superville failed to show he was prejudiced by Greenberg's alleged ineffectiveness.

\* \* \*

We have considered Superville's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk