Matter of Friedberg (2021 NY Slip Op 02109)





Matter of Friedberg


2021 NY Slip Op 02109


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Sallie Manzanet-Daniels
Troy K. Webber
Lizbeth González
Tanya R. Kennedy, JJ.


Motion No. 2020-02112 2020-03461 Case No. 2018-00100 

[*1]In the Matter of Bruce D. Friedberg, (Admitted as Bruce Douglas Friedberg) an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Bruce D. Friedberg, (OCA Atty Reg. No. 1903806.) Respondent.
In the Matter of Edan E. Pinkas, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edan E. Pinkas (OCA Atty Reg. No. 4307526.), Respondent



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent Bruce D. Friedberg was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 5, 1984. Respondent Edan E. Pinkas was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 18, 2005.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Michael S. Ross, Esq. and Hal Lieberman, Esq, for respondents.



Per Curiam 


Respondent Bruce D. Friedberg was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 1984, under the name Bruce Douglas Friedberg. Respondent Edan E. Pinkas was admitted to the practice of law in the State of New York by the Second Judicial Department on May 18, 2005. At all times relevant to this proceeding, respondents practiced law at the same law firm within the First Department.
On April 29, 2014, this Court suspended attorney Eric Gonchar for nine months, effective May 29, 2014, for maintaining a side practice of law for 11 years without his firm's knowledge in contravention of his terms of employment and failing to include the income derived therefrom (118 AD3d 1 [1st Dept 2014]). Respondents' law firm employed Gonchar as a paralegal while Gonchar was suspended and for a period of over two years. In 2015, we denied Gonchar's motion for reinstatement, and on October 5, 2018, we disbarred Gonchar for violating the terms of his suspension by continuing to hold himself out as an attorney and engaging in the unauthorized practice of law while employed by respondents' firm, finding that he "gave substantive legal advice on real estate matters to attorneys at the law firm . . . and a nonattorney employee in flagrant violation of our suspension order and Judiciary Law §§ 478 and 486" (166 AD3d 91, 92-93 [1st Dept 2018], lv denied 32 NY3d 914 [2019]).
In October 2018, the Attorney Grievance Committee (AGC) served each respondent with nine charges alleging that they aided a suspended attorney/nonlawyer in the unauthorized practice of law in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.5(b) (charge 1), 8.4(d)(charge 2) and 8.4(c)(charge 3); that they falsely responded to the AGC's inquiries regarding Gonchar's emails in violation of rules 8.4(c)(charge 4) and 8.4(d)(charge 5); that they falsely testified regarding Gonchar's conduct as an employee of the firm at a deposition conducted by the AGC in violation of rules 8.4(c)(charge 6) and 8.4(d)(charge 7); that they failed to report Gonchar's conduct to attorney disciplinary authorities in violation of rule 8.3(a)(charge 8); and that their overall conduct adversely reflected on their fitness as lawyers in violation of rule 8.4(h)(charge 9).
Now, the AGC seeks an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) 603.8-a(t)(4) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b)(2), confirming in part and disaffirming in part the Referee's report including his sanction recommendations; sustaining the charges in full, finding certain aggravations; and suspending respondents for three years.
Respondents oppose the AGC's motions and request via cross [*2]motions that the Referee's report be confirmed in full, including his recommendation that respondents be publicly censured.
The Referee correctly found that respondents acted improperly with respect to Gonchar's continued use of his former law office email account. However, he erred in concluding that Gonchar's paralegal work at the firm did not constitute the unauthorized practice of law and that respondents did not aid him in doing so.
In El Gemayel v Seaman (72 NY2d 701 [1988]), the Court of Appeals instructed that the "practice" of law includes "the rendering of legal advice" as to a particular client, as well as holding oneself out to be a lawyer and appearing in court (id. at 706).
Activities like preparing memoranda and documents to be filed in court  even if subscribed to by an admitted attorney  or conducting interviews with clients are forbidden to a suspended or disbarred lawyer (see Farb v Baldwin Union Free Sch. Dist., 2013 WL 4465051, at *11 [ED NY Sept. 26, 2011]). Indeed, we are obliged by statute to insert language into every disbarment order indicating that the former attorney must "desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another," and that the attorney is forbidden from, inter alia, "giving to another of an opinion as to the law or its application, or of any advice in relation thereto" (Judiciary Law § 90[2][b]).
Thus, the act of providing "paralegal or clerical services" to members of a law firm is fraught with peril and risks running afoul of the prohibition against the unauthorized practice of law (see e.g. Matter of Hancock, 55 AD3d 216, 220 [2d Dept 2008] [disbarment proper where attorney permitted a disbarred felon to advertise himself as his paralegal]; Matter of Raskin, 217 AD2d 187, 189 [2d Dept 1995] [disbarred attorney performing services of a "law clerk" was engaged in the unauthorized practice of law]; Matter of Tucci v Department of State of State of N.Y., 63 AD2d 835, 836 [4th Dept 1978] [sustaining conclusion that petitioner engaged in the unauthorized practice of law by "drafting legal documents"]).
In a recent similar case, Matter of Brandes (2015 NY Slip Op 81096[U] [2d Dept 2015], affd 28 NY3d 1041 [2016]), a disbarred attorney was denied reinstatement for having engaged in the unauthorized practice of law by providing paralegal services via the internet by which he rendered legal advice to other attorneys regarding their particular clients' legal problems. The disbarred attorney would give advice to other attorneys on complex matters and "draft briefs and other litigation papers" for them. The Second Department concluded that "[s]uch rendering of legal advice or opinion constitutes the practice of law," notwithstanding that the attorney had no direct contact or relationship with the client, noting that the attorney "was vastly more experienced in matrimonial and domestic relations matters" than the attorneys for whom he was rendering [*3]services (id.).
To similar effect is Matter of Herzberg (163 AD3d 220 [1st Dept 2018], in which we summarily disbarred a suspended attorney who had engaged in the unauthorized practice of law by, inter alia, communicating with attorneys regarding pending litigation and attempting to settle various matters while holding himself out as a "paralegal" (id.; see also Matter of Castillo, 146 AD3d 1270 [3d Dept 2017] [suspended lawyer's request to be allowed to perform work of the kind typically assigned to paralegals necessarily involved the exercise of independent legal judgment on a client's behalf so as to constitute the unauthorized practice of law]).
These authorities illustrate that a disbarred or suspended attorney who aspires to employment as a clerk or paralegal for an attorney or law firm invites "ethical peril" (NYC Eth Op 1998-1 [Dec. 21, 1998], 1998 WL 1557150).
Gonchar, like the attorneys in Brandes and the other cases cited above, operated as a "paralegal" dispensing advice through the intermediaries of attorneys who interacted directly with clients. He drafted legal documents and was admittedly possessed of superior legal knowledge regarding case matters  indeed, he had brought many of his client matters with him to respondents' firm. Gonchar "functioned as a senior attorney. . . by the exercise of his experience and acumen. . . not his services as a paralegal, [and] made major contributions to the resolution of many of the firm's cases," as noted by the AGC. The conclusion is inescapable that he was engaged in the unauthorized practice of law and that respondents aided and abetted him in the unauthorized practice of law.
Respondents' claim that they believed Gonchar could act as a paralegal so long as he did not interact with anyone outside the firm is not credible in light of the precedent; their claims are moreover undermined by the misleading job description they prepared specifically for purposes of Gonchar applying for reinstatement to the bar, and the fact that they failed to consult outside ethics counsel before hiring Gonchar.
The Referee's liability findings against respondents should be modified to sustain the charges in full thereby including a finding that they permitted Gonchar to provide legal advice; and charge 9 (overall fitness charge) should be sustained.
The Referee's finding not to sustain the charges against respondents that they sought to mislead the AGC (charges 4 and 5) and the charges of false deposition testimony on the part of respondents (charges 6 and 7) should also be confirmed.
The Referee's sanction recommendation that respondents be publicly censured should be disaffirmed and both respondents should be suspended from the practice of law for 18 months (see Matter of Sishodia, 154 AD3d 123 [1st Dept 2017]). Our order made explicit that Gonchar was prohibited from practicing law in any form including giving legal advice or opinions to "another." It is difficult to see how respondents, both experienced [*4]attorneys, failed to appreciate the import of the order or credibly believed that the work Gonchar performed over a 2½ year period did not rise to the level of unauthorized practice of law. They, moreover, prepared a misleading job description the purpose of which could be none other than insulating them from liability, indicating that they well understood the repercussions of Gonchar engaging in unauthorized practice.
Accordingly, the AGC's motions with respect to respondents to confirm in part and disaffirm in part are granted to the extent of sustaining charges 1-3 and 8 in full and dismissing charges 4-7; disaffirming the Referee's liability finding dismissing charge 9, and instead, sustaining that charge; disaffirming the sanction recommendation of public censure and suspending respondents from the practice of law in the State of New York for a period of 18 months and until further order of this Court. Respondents' cross motions should be denied in their entirety.
All concur.
It is Ordered that the Attorney Grievance Committee for the First Judicial Department's motion with respect to respondent Bruce D. Friedberg to confirm in part and disaffirm in part the Referee's report (M-2020-02112) is granted to the extent of sustaining charges 1-3 and 8 in full and dismissing charges 4-7, disaffirming the Referee's liability finding dismissing charge 9, and instead, sustaining that charge, and disaffirming the sanction recommendation of public censure, and respondent, Bruce D. Friedberg, is suspended from the practice of law for a period of 18 months, commencing May 7, 2021, and continuing until further order of this Court, and
It is further Ordered that the cross motion of respondent Bruce D. Friedberg (M-2020-03461) is denied its entirety, and
It is further Ordered that, pursuant to Judiciary Law §?90, during the period of suspension and until such further order of this Court, respondent, Bruce D. Friedberg, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further Ordered that respondent, Bruce D. Friedberg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made a part hereof, and
It is further Ordered that if respondent, Bruce D. Friedberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and
It is further Ordered that the Attorney Grievance Committee for the First Judicial Department's motion with respect to respondent Edan E. Pinkas to confirm in part and disaffirm in part the Referee's report (M-2020-02114) [*5]is granted to the extent of sustaining charges 1-3 and 8 in full and dismissing charges 4-7, disaffirming the Referee's liability finding dismissing charge 9, and instead, sustaining that charge, disaffirming the sanction recommendation of public censure, and respondent, Edan E. Pinkas, is suspended from the practice of law for a period of 18 months, commencing May 7, 2021, and continuing until further order of this Court, and
It is further Ordered that the cross motion of respondent Edan E. Pinkas (M-2021-03460) is denied its entirety, and
It is further Ordered that, pursuant to Judiciary Law §?90, during the period of suspension and until such further order of this Court, respondent, Edan E. Pinkas, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further Ordered that respondent, Edan E. Pinkas, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made a part hereof, and
It is further Ordered that if respondent, Edan E. Pinkas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: April 6, 2021